UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEARRE WILLIAMS,

    Plaintiff,

    -v.-

CHRISTOPHER MILLS and JUDGE CLOTT,

    Defendants.

21 Civ. 4207 (KPF)

**ORDER OF DISMISSAL**

KATHERINE POLK FAILLA, District Judge:

  Plaintiff Tearre Williams, who appears *pro se*, brings this action invoking the Court's federal question jurisdiction.[1] He does not specify the relief he seeks.[2] He sues New York County Assistant District Attorney Christopher Mills and Justice Abraham Clott of the New York State Supreme Court, New York County, and alleges that they have violated his civil rights. The Court construes Plaintiff's complaint as asserting claims for damages and injunctive relief under 42 U.S.C. § 1983 and for *habeas corpus* relief under 28 U.S.C. § 2241. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald* v. *First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir.

---

[1]  Plaintiff has paid the fees to bring this action, and the Clerk of Court has issued summonses. (*See* Dkt. #4-5).

[2]  Because Plaintiff's complaint does not clearly indicate Plaintiff's gender, for the purpose of this Order, the Court refers to Plaintiff using male pronouns.

2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that Mills is currently prosecuting him in New York State Supreme Court, New York County, and that Justice Clott is presiding over the criminal proceeding. Plaintiff asserts that on March 23 and 24, 2021, Mills and Justice Clott acted "exparte in removing [Plaintiff] from pro se supersede [his] court date have [him] indicted and placed a warrant on [him]. . . . Mills . . . supersede [Plaintiff's] court date to strip [Plaintiff] of producing witnesses." (Dkt. #1 at 5).

Plaintiff does not specify the relief he seeks. But in the relief section of his complaint, he states that "[w]hile a warrant was set [upon him, he] sold [his virtual currency] dogecoin to make bail and hide [until he] can file a complaint, in which [he] stayed in a hotel. [Plaintiff] sold over 125,000 dogecoin in preparation for bail." (*Id.* at 6).

## DISCUSSION

**A.　Plaintiff's Claims Against Justice Clott Are Dismissed Under the Doctrine of Judicial Immunity**

The Court must dismiss Plaintiff's § 1983 claims against Justice Clott under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles* v. *Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven* v. *Hunt,* 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young* v. *Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump* v. *Sparkman,* 435 U.S. 349, 356 (1978).

3

Plaintiff asserts claims arising from Justice Clott's decisions and actions while presiding over Plaintiff's criminal proceeding. Justice Clott is therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's claims under § 1983 against Justice Clott under the doctrine of judicial immunity and because these claims are frivolous. *Cf. Mills* v. *Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (finding that claims dismissed because of judicial immunity are frivolous for purposes of the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915).[3]

**B.    Plaintiff's Damages Claims Against Mills Are Dismissed Under the Doctrine of Prosecutorial Immunity**

The Court must also dismiss Plaintiff's claims for damages under § 1983 against Mills under the doctrine of prosecutorial immunity. Prosecutors, like Mills, are immune from civil suit for damages for actions committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon* v. *City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler* v. *Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted); *see Imbler* 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for

---

[3] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against Justice Clott. This is so because Plaintiff can appeal Justice Clott's decisions and actions in the New York State Supreme Court, Appellate Division, First Department. *See generally Berlin* v. *Meijias*, No. 15 Civ. 5308 (JMA), 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

4

damages under § 1983."); *see also Buckley* v. *Fitzsimmons,* 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp* v. *Goldstein,* 555 U.S. 335, 344 (2009).

Plaintiff's § 1983 claims against Mills arise from Mills's prosecution of Plaintiff. The Court therefore dismisses Plaintiff's claims for damages under § 1983 against Mills under the doctrine of prosecutorial immunity and as frivolous. *Cf. Collazo* v. *Pagano,* 656 F.3d 131, 134 (2d Cir. 2011) (finding that claims dismissed for prosecutorial immunity are frivolous under the IFP statute).

**C.    Plaintiff's Claims for Injunctive Relief Are Dismissed Under the *Younger* Abstention Doctrine**

To the extent that Plaintiff asserts claims under § 1983 for injunctive relief that, if granted, would cause this Court to intervene in Plaintiff's pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger* v. *Harris,* 401 U.S. 37 (1971), the Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson* v. *Berryhill,* 411 U.S. 564, 573-74 (1973) (citing *Younger,* 401 U.S. 37); *see also Sprint Commc'ns, Inc.* v. *Jacobs,* 571 U.S. 69, 73 (2013) ("*Younger* exemplifies one class of cases

in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses, under the *Younger* abstention doctrine, all of Plaintiff's claims under § 1983 in which he seek such relief.

**D.** *Habeas Corpus* **Relief Is Unavailable**

Plaintiff appears to challenge the constitutionality of his custody as a state criminal defendant who has been released on bail pending the outcome of his criminal proceeding. The Court therefore construes those claims as ones for *habeas corpus* relief under 28 U.S.C. § 2241. Under § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A person released on bail or on his own recognizance is considered "in custody" within the meaning of § 2241. *Hensley* v. *Mun. Court*, 411 U.S. 345, 349 (1973). A convicted prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition brought under 28 U.S.C. § 2254, but such relief is available under § 2241 to a state criminal defendant released on bail who challenges his custody as unlawful under the Constitution or federal law. *See Marte* v. *Vance*, 480 F. App'x 83, 84 n.1 (2d Cir. 2012) (summary order); *United States ex rel. Scranton* v. *New York*, 532 F.2d 292, 293-94 (2d Cir. 1976). Before seeking *habeas*

6

*corpus* relief under § 2241, however, the criminal defendant must exhaust his or her available state-court remedies. *See Scranton*, 532 F.2d at 294 ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, New York State's highest court. *See* N.Y.C.P.L.R. §§ 7001-7012.

Because Plaintiff does not show that he exhausted any of his available state-court remedies before filing his complaint in this Court, the Court dismisses his claims for *habeas corpus* relief without prejudice.[4]

## E. Leave to Amend Is Denied

Generally, a court should not dismiss a *pro se* complaint "without . . . granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan* v. *Connolly*, 794

---

[4] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C. § 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham* v. *Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a § 2241 petition. *See Simon* v. *United States*, 359 F.3d 139, 144 (2d Cir. 2004). Here, however, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack* v. *McDaniel*, 529 U.S. 473, 489 (2000).

7

F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis* v. *Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has the inherent power to dismiss without leave to amend or replead "where . . . the substance of the claim pleaded is frivolous on its face," *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill* v. *Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *see also Shapiro* v. *McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Because many of Plaintiff's claims are frivolous and because granting Plaintiff leave to amend would be futile, the Court denies Plaintiff leave to file an amended complaint.

**CONCLUSION**

For the reasons set forth above, the Court dismisses this action. Specifically, the Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 as frivolous and under the doctrines of judicial and prosecutorial immunity, as well as under the doctrine of *Younger* abstention. The Court also dismisses Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2241 without prejudice.

Because the complaint makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (*See* Dkt. #3).

SO ORDERED.

Dated: May 19, 2021
New York, New York

KATHERINE POLK FAILLA
United States District Judge