UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEARRE M. WILLIAMS,

                Plaintiff,

-v.-

CHRISTOPHER MILLS and JUDGE CLOTT,

                Defendants.

21 Civ. 4207 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Plaintiff's motion and declaration dated April 12, 2022, seeking reversal of the Court's dismissal of this case. (Dkt. #9-10). The Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). The Court therefore construes Plaintiff's motion as one arising under Federal Rule of Civil Procedure 60(b)(6), which permits a court to grant relief from a final judgment or order for "any other reason that justifies relief."

    Under Rule 60(b)(6), relief is warranted "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG* v. *Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012). "The burden of proof is on the party seeking relief from judgment." *United States* v. *Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). Plaintiff has not met this high standard. In his Declaration, Plaintiff claims

that this case was dismissed due to his detention, as he was unable to produce himself or to respond to the Court. (Dkt. #10). However, as the Order of Dismissal makes clear, no response was solicited from Plaintiff and his detention did not impact the resolution of the matter. (Dkt. #7). The Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 as frivolous and under the doctrines of judicial and prosecutorial immunity, as well as under the doctrine of *Younger* abstention. (*Id.*). The Court also dismissed Plaintiff's claims for *habeas corpus* relief under 28 U.S.C. § 2241 without prejudice. (*Id.*). Plaintiff has not demonstrated that any "extraordinary circumstance" or "extreme hardship" exists that would justify reversal of the Order of Dismissal.

Accordingly, Plaintiff's motion under Rule 60(b)(6) is DENIED. The Clerk of Court is directed to terminate the pending motion at docket number 9.

SO ORDERED.

Dated: May 18, 2022
New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge